**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

LAURIE CAMPBELL, on her own behalf and
on behalf of others similarly situated,

                Plaintiff,

-vs-                                        Case No. 2:10-cv-623-FtM-29SPC

SOUTH FLORIDA BARBEQUE, INC.,
d/b/a SONNY'S BBQ PALM BEACH BLVD.,
DALE COYNE and ALAN HOROWITZ,
individually,

                Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This matter comes before the Court on the Plaintiff, Pennie Proctor's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Pennie Proctor (Doc. #80) filed on June 29, 2011; the Plaintiff, Pennie Proctor's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Sara Lengye (Doc. #81) filed on June 29, 2011; the Plaintiff, Pennie Proctor's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Teresa Williams (Doc. #82) filed on June 29, 2011; the Plaintiff, Pennie Proctor's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Irene Bush (Doc. #83) filed on June 29, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Diana

Trynor (Doc. #86) filed on July 14, 2011[1]; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Alicia Rehman (Doc. #87) filed on July 14, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Debra Brownrigg (Doc. #88) filed in July 14, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Jeannie Johnson (Doc. #89) filed in July 14, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Noemi Arocho (Doc. #90) filed on July 14, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Kim Crews (Doc. #91) filed on July 14, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Bobby-Jo Cassady (Doc. #92) filed on July 14, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Kaleena Bowman (Doc. #93) filed on July 14, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Barbara Brooks (Doc. #94) filed on July 14, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Laurie Campbell (Doc. #96) filed in July 18, 2011; the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer

---

[1] On July 1, 2011, the Plaintiffs filed their Second Amended Complaint (Doc. # 85) substituting Laurie Campbell for Pennie Proctor as the Representative Plaintiff in this case.

of Judgment for Melissa Currie (Doc. #97) filed in July 18, 2011; and the Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Jvana Moad (Doc. #98) filed on July 18, 2011.

Although the Motions are brought under Fed. R. Civ. P. 68(a) Offer of Judgment, pursuant to Lynn's Food Stores, Inc. v. U.S._, 679 F.2d 1350, 1354-55 (11th Cir.1982), judicial review and approval of these settlements is necessary to give it final and binding effect. Baxter v. Automated Gate Systems, Inc., 2010 WL 3730900 * 2 (M.D. Fla. September 2, 2010). The Court will therefore review the above filings as "motions," in the context of a fairness review of a Fair Labor Standards Act settlement. *See* Cabreja v. Avatar Properties, Inc., 2010 WL 375997 *1 (M.D. Fla. January 26, 2010) (reviewing Notice of Settlement agreements as a Motion for approval under the FLSA). In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Lynn's Food Stores_, 679 F.2d at 1354-55. If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. Id. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi_, 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946).

In the Joint Motions/ Notices for Approval submitted by the Parties, the Parties provide that the Defendants will pay one hundred percent (100% ) of the Plaintiffs' back wages and liquidated damages plus a reasonable sum for the attorney's fees. All of the Plaintiffs agree the settlement was

entered into knowingly and voluntarily, after having the opportunity to fully discuss it with Counsel. The settlement appears to be reasonable on its face and in accordance with <u>Lynn's Food Stores, Inc. v. United States</u>, therefore, the Court concludes that the proposed settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

With regard to the Plaintiffs' attorney's fees and costs, it is recommended that the Court maintain jurisdiction over this case until the issues surrounding the payment of attorney's fees and cost are resolved. Thus it is recommended that the Plaintiff's Counsel submit a copy of his billing records to the Court for the Court's approval. In accordance with <u>Bonetti v. Embarq. Mgmt. Co.</u>, 2009 WL 2371407 (M.D. Fla. Aug. 2009), the Plaintiff will not be required to submit billing records if the issue is settled between the Plaintiff's Counsel and the Defendant, independently of the Plaintiff's claims, unless the fees are out of line compared with the settlement agreement or if they detract form the Plaintiffs' recovery of back wages and liquidated damages.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

(1) The Plaintiff, Pennie Proctor's Notice of Acceptance, Construed as a Motion, of the Defendant's Offer of Judgment (Doc. #80) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(2) The Plaintiff, Pennie Proctor's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Sara Lengye (Doc. #81) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(3) The Plaintiff, Pennie Proctor's Notice of Acceptance, Construed as a Motion to Approve

the Settlement, of the Defendant's Offer of Judgment for Teresa Williams (Doc. #82) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(4) The Plaintiff, Pennie Proctor's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Irene Bush (Doc. #83) filed on June 29, 2011 should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(5) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Diana Trynor (Doc. #86) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(6) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Alicia Rehman (Doc. #87) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(7) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Debra Brownrigg (Doc. #88) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(8) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Jeannie Johnson (Doc. #89) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(9) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Noemi Arocho (Doc. #90) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(10) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Kim Crews (Doc. #91) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(11) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Bobby-Jo Cassady (Doc. #92) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(12) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Kaleena Bowman (Doc. #93) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(13) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Barbara Brooks (Doc. #94) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(14) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Laurie Campbell (Doc. #96) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(15) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Melissa Currie (Doc. #97) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(16) The Plaintiff, Laurie Campbell's Notice of Acceptance, Construed as a Motion to Approve the Settlement, of the Defendant's Offer of Judgment for Jvana Moad (Doc. #98) should be **GRANTED** and the settlement agreement should be **APPROVED** by the District Court.

(17) The Plaintiffs' Counsel is directed to submit a copy of the billing records in this case or a copy of a reasonable agreement for fees and costs between the Parties on or before **September 13, 2011.**

(18) It is further respectfully recommended the case should be **DISMISSED with Prejudice** pursuant to the agreement of the Parties and the Clerk should be directed to close the file with the Court maintaining jurisdiction over the amount of attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RESPECTFULLY RECOMMENDED** at Fort Myers, Florida, this ___28th___ day of August, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record