```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION


LAURIE CAMPBELL, on her own behalf
and on behalf of others similarly
situated,

                Plaintiff,

vs.                                 Case No.   2:10-cv-623-FtM-29SPC


SOUTH FLORIDA BARBEQUE, INC., d/b/a
SONNY'S BBQ PALM BEACH BLVD., DALE
COYNE    and   ALAN   HOROWITZ,
individually,

                Defendants.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. #101) filed on September 20, 2011. Defendants filed a Memorandum in Opposition (Doc. #107), plaintiffs filed a Reply (Doc. #112), and defendants filed a Sur-Reply (Doc. #113).

**I.**

On October 12, 2010, plaintiff Pennie Proctor, on behalf of herself and others similarly situated, filed a Complaint (Doc. #1) for relief under the Fair Labor Standards Act (FLSA), against South Florida Barbeque, Inc. d/b/a Sonny's BBQ Palm Beach Blvd, which filed an Answer and Affirmative Defenses (Doc. #15) on November 8, 2010. Additional plaintiffs joined and responded to the Court's

interrogatories. On January 25, 2011, an Amended Complaint (Doc. #39) was filed adding Dale Coyne and Alan Horowitz, individually, as defendants. On March 28, 2011, plaintiff advised the Court that a settlement had been reached. (Doc. #56.) On May 12, 2011, plaintiff filed a Motion to Approve and/or Enforce Settlement (Doc. #60), the motion was opposed, doc. #61, and the Magistrate Judge issued a Report and Recommendation (Doc. #64) recommending that the motion be denied. Defendants subsequently filed a Motion to Enforce Settlement or Dismiss Plaintiffs' Claims as Moot (Doc. #67) and on June 15, 2011, the Court issued an Opinion and Order (Doc. #76) adopting the Report and Recommendation, finding no meeting of the minds, and denying the requests to approve or enforce a settlement.

On July 1, 2011, a Second Amended Complaint (Doc. #85) was filed to change the name of the representative plaintiff to Laurie Campbell. Defendants tendered Offers of Judgment and plaintiffs filed Notices of Acceptance in response. As a result, the Magistrate Judge issued a Report and Recommendation (Doc. #99) deeming the notices as motions for approval and recommending approval of the settlements as fair and reasonable. The recommendation was adopted on September 21, 2011, by Opinion and Order (Doc. #102) and an Amended Judgment (Doc. #106) issued on October 4, 2011. The parties did not agree to the amount of a

reasonable award of attorney's fees and costs to counsel for plaintiffs.

**II.**

The parties do not dispute that plaintiffs are the prevailing party, plaintiffs are entitled to an award of attorney's fees and costs, or that the motion was timely filed. Defendants also agree that plaintiffs are entitled to a *reasonable* award of fees as the prevailing parties. At issue is what constitutes a reasonable amount of fees. Plaintiffs seek $31,610.45 in attorney and paralegal fees. Defendants suggest that the "blended" hourly rate suggested by plaintiffs should be rejected and the hours reduced for an award of $14,121.95.

A reasonable attorney fee is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rate, Hensley v. Eckerhart, 461 U.S. 424, 433 (1983), and a "reasonable hourly rate" is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation," Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In determining the reasonable amount of hours, the Court may conduct an hour-by-hour analysis or it may reduce the requested hours across the board. Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008).

**A.  Reasonable Hourly Rate:**

Plaintiffs seek a "blended rate" of $300.00 per hour for attorneys Andrew Frisch, Richard Celler, and Kelly Amritt, regardless of their level of experience. (Doc. #112-1, Exh. G, ¶ 2.)  Andrew Frisch has been practicing law since 2001[1] (doc. #101-4, Exh. D, ¶ 6), Richard Celler has been practicing law since 1999 (doc. #112-1, Exh. G, ¶ 3), and Kelly Amritt was admitted to the Florida Bar in 2003 but left the firm in 2010 (id. at ¶ 6). Counsel suggests that the Middle District of Florida has awarded similar hourly fee rates for FLSA cases and $300 has specifically been found to be a reasonable hourly rate for Mr. Frisch.[2]

The cases cited by plaintiffs are all favorable cases located in the Orlando and Tampa Divisions of the Middle District of Florida.  (Doc. #101, pp. 11-12, p. 13.)  The Affidavit of Gregg Shavitz, Esquire (Doc. #101-5, Exh. E) suggests that $350.00 an hour is an appropriate rate for Mr. Frisch, but Mr. Shavitz does not provide his own billing rate as a comparison.  Also submitted is an Expert Fee Report (Doc. #101-6, Exh. F) by a practitioner in the Middle District of Florida regarding the general reasonableness of the fee request.

---

[1] Mr. Frisch was not admitted to the State of Florida until 2006.  (Doc. #101, p. 14 n.14.)

[2] Counsel does not cite cases specifically finding a lower rate is reasonable.  See, e.g., Cohen v. Goodyear Tire & Rubber Co., 6:09-cv-496-Orl-31DAB, 2009 WL 3790292, *4 (M.D. Fla. Nov. 9, 2009).

The applicable prevailing market in this case is the Fort Myers area, where the hourly rates are generally lower than Orlando or Tampa. Counsel are proposing a blended hourly rate of $300 whether counsel has 12 years of experience or 7 years of experience. The Court is not inclined to apply a blanket $300 hourly rate for all counsel regardless of experience level.

Counsel also seeks a blended $95.00 an hour rate for the paralegals. Heather McManus has two years of experience and Kelly Romero has eleven years of experience. (Doc. #1-104, Exh. D, ¶ 11.) The Court declines to apply a blended rate for paralegals of such varying experience. The Court will accept $95.00 for Kelly Romero but will reduce and apply a separate rate for Heather McManus.

The Court will accept and apply the following hourly rates for counsel and for the paralegals:

| Andrew Ross Frisch | $250.00/hr |
| Richard Celler[3] | $275.00/hr |
| Kelly Allyssha Amritt | $150.00/hr[4] |
| Kelly Romero | $ 95.00/hr |
| Heather McManus | $ 50.00/hr |

---

[3] Mr. Celler, the firm's Managing Partner, has never formally appeared in this case on behalf of plaintiffs but does appear in the Time Sheets.

[4] The undersigned previously adopted a recommendation to reduce Ms. Amritt's hourly rate to $150.00 in 2010. Taylor v. Advanced Quality Transp. Serv., Inc., 2:09-cv-50-FTM-29SPC, 2010 WL 1838304, *2 (M.D. Fla. Apr. 13, 2010).

**B.   Reasonable Number of Hours Worked:**

Plaintiffs state that 103.37 attorney hours and 6.31 paralegal hours were expended in this case.[5]  Defendant suggests that 48.72 hours from the plaintiffs' September 20 Time Sheet should be eliminated, leaving 60.96 hours.  (Doc. #107, p. 15.)  More specifically, defendant proposes that 8.62 hours of entries are too vague, and that 40.10 hours should be deducted for time spent on the motion to enforce the settlement that was denied.

The Time Sheets submitted to the Court are revised to add names and details from a September 12, 2011 Time Sheet provided to defendants' counsel.  (Id., pp. 14-15.)  Upon review, the Court finds that various entries are vague and unsupported, and due to be eliminated.  The Court will strike the entries related to "OC" who does not appear to be counsel of record for any of the parties or the opt-in plaintiffs that accepted an Offer of Judgment, is unidentified,[6] and whose entries provide no purpose for all the e-mails and discussions.  The Court will also eliminate vague entries that do not identify an individual but simply reference a voice

---

[5] Counsel submitted three Time Sheets dated 09/20/2011, one totaling 103.37 hours, one totaling 109.68 hours, which apparently includes the paralegal hours, and a third listing only paralegal hours.

[6] Defendants did not include in their suggested vague entries "the 18 entries of 'Email received from OC' and the 20 entries of 'Email left for OC'" but did make a note of the entries. (Doc. #107, p. 9 n.4.)  Plaintiffs' Reply (Doc. #112) also did not shed any light on OC's identity.

mail.  The Court also finds that most of the time spent in preparing the motion to enforce should be eliminated.  The motion was clearly lacking merit because there was no clear agreement between the parties to enforce.  Plaintiffs will not be penalized for responding to defendant's motion to dismiss.  The Court will also eliminate the entry on 06/15/2011 regarding an internal conference about refiling a motion.  The following hours will be eliminated:

| 09/08/2010 | .27 (KA) | Demand letter to RA via cert mail #5442 |
| 09/09/2010 | .10 (KA) | Voice Mail left for potential opt-in |
| 09/21/2010 | .10 (KA) | Voice Mail left for potential opt-in |
| 01/10/2011 | .20 (AF) | Telephone conference with OC |
| 01/18/2011 | .22 (AF) | Letter to OC re docs in our possession |
| 02/07/2011 | .30 (AF) | Email to OC re settlement discussion status |
| 03/10/2011 | .70 (AF) | Telephone call W/OC re settlement after meeting w/Celler to discuss options |
| 03/18/2011 | .10 (AF) | Email left for OC |
| 03/22/2011 | .10 (AF) | Email received from OC |
| 03/28/2011 | .20 (AF) | Email left for OC |
| 04/13/2011 | .10 (AF) | Email received from OC |
| 04/20/2011 | .10 (AF) | Email left for OC |
| 04/21/2011 | .10 (AF) | Email left for OC |
| 04/25/2011 | .20 (AF) | Email received from OC |
| 04/29/2011 | .10 (AF) | Email left for OC |
| 04/29/2011 | .10 (AF) | Email received from OC |
| 04/29/2011 | .10 (AF) | Email received from OC |

| 04/29/2011 | 2.30 (AF) | Telephone conference with OC re status of settlement and filing with Court |
| --- | --- | --- |
| 05/01/2011 | .10 (AF) | Email left for OC |
| 05/02/2011 | .10 (AF) | Email left for OC |
| 05/02/2011 | .10 (AF) | Email received from OC |
| 05/06/2011 | .10 (AF) | Email received from OC |
| 05/10/2011 | 7.30 (AF) | Researched, outlined and initial draft of Motion to Enforce |
| 05/12/2011 | 6.40 (AF) | Finalized M/Enforce and to Approve and filed. |
| 05/26/2011 | 1.50 (AF) | Research, drafting and conferral w/OC re Motion to Strike Defendants' Response in Opp (seeking affirmative relief) |
| 06/01/2011 | .20 (AF) | Email received from OC |
| 06/02/2011 | .10 (AF) | Email left for OC |
| 06/15/2011 | .30 (AF) | Telephone conference with KR about withdrawing our Memo in Opp to add a summary of argument section and refile. |
| 06/16/2011 | .30 (AF) | Email left for OC |
| 06/16/2011 | .10 (AF) | Email received from OC |
| 06/17/2011 | .30 (AF) | Email to OC re setting the CMR conference and conferring re a M/Leave to file an Amended Complaint changing the named-Plaintiff. |
| 06/20/2011 | .20 (AF) | Email received from OC |
| 06/23/2011 | .20 (AF) | Email received from OC |
| 06/28/2011 | .10 (AF) | Email left for OC |
| 06/28/2011 | .10 (AF) | Email received from OC |
| 06/28/2011 | .60 (AF) | Email back and forth (following calls to both OC's) w/ OC following up on OJ issues, CMR conference and our M/Leave to file Amended Complaint |
| 06/29/2011 | .10 (AF) | Email left for OC |

| 06/29/2011 | .10 (AF) | Email received from OC |
| --- | --- | --- |
| 06/29/2011 | 1.40 (AF) | Telephone conference with OC re OJ's and follow-up to get info for all Plaintiffs and finalize M/Leave to File Second Amended Complaint |
| 06/30/2011 | .10 (AF) | Email left for OC |
| 06/30/2011 | .10 (AF) | Email received from OC |
| 07/05/2011 | .10 (AF) | Email received from OC |
| 07/06/2011 | .10 (AF) | Email left for OC |
| 07/06/2011 | .20 (AF) | Email received from OC |
| 07/07/2011 | .10 (AF) | Email left for OC |
| 07/07/2011 | .10 (AF) | Email received from OC |
| 07/07/2011 | .40 (AF) | Receipt and Review of new OJ |
| 07/08/2011 | .10 (AF) | Email left for OC |
| 07/08/2011 | .20 (AF) | Email received from OC |
| TOTAL HOURS: | 26.59 | |

Therefore, the Court will eliminate 26.59 hours (26.12 hours for Mr. Frisch and 0.47 hours for Ms. Amritt) leaving 76.78 total hours at the reduced hourly rates discussed above. Applying the reduced hourly rates and reduced hours, the Court finds that plaintiffs are entitled to attorneys' fees in the amount of **$18,450.75** ($275 x 1.83 hours for Richard Celler ($503.25); $150 x 7.9 hours for Kelly Amritt ($1,185.00); and $250 x 67.05 for Andrew Frisch ($16,762.50)).

As to the paralegals, the Court will eliminate the additional time entries related to "OC", the telephone conference with Judge's

Chambers, and the entry for correcting an error by counsel. The following hours will be eliminated:

| 03/18/2011 | .08 | Email left for OC |
| 04/11/2011 | .10 | Email left for OC |
| 06/03/2011 | .10 | Email left for OC |
| 06/14/2011 | .20 | Telephone conference with Judge's Chambers |
| 06/14/2011 | .20 | Prepare and file Notice of Striking Docket Entry |
| 06/29/2011 | .10 | Email left for OC |

Therefore, 5.13 hours will be permitted for Heather McManus at a rate of $50.00 an hour, and 0.4 hours will be permitted for Kelly Romero at a rate of $95.00 an hour, for a total of **$294.50** ($256.50 + $38.00).

### III.

Plaintiffs also seek $1,015.37 in taxable costs and state that only costs of filing, service, copying, service of pleadings and discovery, and payment for a copy of a deposition transcript are sought. (Doc. #101, p. 10 n.10.) Defendant argues that costs should be reduced to $603.00 to reflect the actual taxable costs.

The Case Expense Report (Doc. #101-4, Exh. 2) does not limit entries to taxable costs and no asterisk is provided limiting the request to certain entries, as suggested by the Motion (Doc. #101, p. 10 n.10). Therefore, upon examination of the entire Report, the Court will permit $350.00 for the filing fee and $253.00 for

service of process.  All other listed costs are either non-compensable overhead expenses or copying costs for which plaintiffs have failed to demonstrate that they were necessary for use in the case.  Therefore, only $603.00 in costs will be permitted.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  Plaintiffs' Motion for Award of Attorneys' Fees and Costs (Doc. #101) is **GRANTED** in part and **DENIED** in part and plaintiffs are awarded $18,450.75 in attorney's fees; $294.50 in paralegal fees; and $603.00 in costs.

2.  The Clerk shall enter a separate judgment accordingly.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of November, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record